# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X
MICHAEL RODGERS,

                    Plaintiff,

            -against-

FACULTY-STUDENT ASSOCIATION OF THE
STATE UNIVERSITY OF NEW YORK AT STONY
BROOK, INC. and MICHAEL WEST,

                   Defendants.
-------------------------------------------------------------X
To the above named Defendants:

Index No.
Filing Date:

**SUMMONS**

The basis of Venue is Plaintiff's
Principal Dwelling:

42 Fairlawn Lane
Centereach, New York 11720

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Uniondale, New York
       March 30, 2017

                    FORCHELLI, CURTO, DEEGAN,
                    SCHWARTZ, MINEO & TERRANA, LLP

                    By: _____
                        Alexander Leong, Esq.
                        Gregory S. Lisi, Esq.
                    *Attorneys for Plaintiff*
                  The Omni
                  333 Earle Ovington Boulevard, Suite 1010
                  Uniondale, New York 11553
                  Tel: (516) 248-1700
                  Fax: (516) 248-1729
                  Email: aleong@forchellilaw.com
                         glisi@forchellilaw.com

595611

1

To:

Faculty-Student Association of the State University of New York at Stony Brook, Inc.
Stony Brook Union Building, Suite 250
Stony Brook, New York 11794

Michael West
Stony Brook Union Building, Suite 250
Stony Brook, New York 11794

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------------------X

MICHAEL RODGERS,                                 Index No.

                              Plaintiff,

                                                 **COMPLAINT**

         -against-

FACULTY-STUDENT ASSOCIATION OF THE               **Jury Trial Demanded**
STATE UNIVERSITY OF NEW YORK AT STONY
BROOK, INC. and MICHAEL WEST,

                              Defendants.

--------------------------------------------------------------------X

    Plaintiff, Michael Rodgers (hereafter referred to as "Plaintiff"), for his Complaint against

Defendants, Faculty-Student Association of the State University of New York at Stony Brook,

Inc., and Michael West (hereinafter collectively referred to as "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

    1.     This is an action to remedy: (a) Defendants' willful violations of the Family and

Medical Leave Act, as amended, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), based upon Defendants'

unlawful interference with Plaintiff's rights under the FMLA, including a denial of Plaintiff's

second request for FMLA leave, and Defendants' discriminatory and retaliatory conduct against

Plaintiff due to Plaintiff's exercise of rights under the FMLA, including Defendants' unlawful

suspension and discharge of Plaintiff; (b) Defendants' violations of the New York State Human

Rights Law ("NYSHRL"), N.Y. Executive Law § 296  based upon Defendants' unlawful

discrimination against Plaintiff because of Plaintiff's actual disabilities, record of disabilities

and/or perceived disabilities, sex/gender, and age; (c) Defendants' violations of the New York

State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296  based upon Defendants'

refusal to engage in a good faith interactive process and provide Plaintiff reasonable

1

595513

accommodation for his disability and serious health condition; (d) Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* based upon Defendants' failure to pay Plaintiff required minimum wages for work performed; (e) Defendants' willful violations of the New York Labor Law ("NYLL") Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 based upon Defendants' failure to pay Plaintiff required minimum wages for work performed; (f) Defendants' willful violations of the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 based upon Defendants' failure to pay Plaintiff all wages for work performed; and (g) Defendants' willful violations of NYLL §§ 195(1) and 195(3) based upon their failure to provide required wage notices and wage statements to Plaintiff.

2.      Plaintiff is entitled to all remedies and relief available under the FMLA, NYSHRL, FLSA, and NYLL against Defendants, including, without limitation, an order of reinstatement; an order that the discriminatory and retaliatory discipline imposed by Defendants be expunged from Defendants' records and Plaintiff's disciplinary history; actual damages (including all lost and future earnings and benefits); compensatory damages; damages for pain and suffering, humiliation, mental anguish and emotional distress; unpaid wages; statutory penalties; liquidated damages; attorneys' fees and costs; pre and post judgment interest; and such other and further relief as this Court may deem just and proper.

## THE PARTIES

### *Plaintiff Michael Rodgers*

3.      Plaintiff is an adult male who resides at 42 Fairlawn Lane, Centereach, New York 11720 in Suffolk County, New York.

2

595513

4.      At all times relevant to the Complaint, Plaintiff was employed by the Defendants.

5.      At all times relevant to the Complaint, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A)(i)-(ii).

6.      At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of the NYSHRL, N.Y. Executive Law § 292(6).

7.      At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C § 203(e), and NYLL § 190(2).

8.      At all times relevant to the Complaint, Plaintiff was employed by Defendants as an hourly, non-exempt employee.

9.      At all times relevant to the Complaint, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

### *Defendant Faculty-Student Association of the State University of New York at Stony Brook, Inc.*

10.      Upon information and belief, Defendant Faculty-Student Association of the State University of New York at Stony Brook, Inc. (hereinafter referred to as "Defendant FSA") is a domestic not-for-profit corporation organized and existing under the laws of the State of New York, with offices located at Stony Brook Union Building, Suite 250, Stony Brook, New York 11794.

11.      Upon information and belief, Defendant FSA is a not-for-profit auxiliary services corporation licensed by the State University of New York to provide goods and services to the Stony Brook University campus, including, without limitation, dining services for students, faculty, staff, and Stony Brook University Medical Center.

12.      Upon information and belief, Defendant FSA was and still is providing auxiliary

3

595513

services to the Stony Brook University campus.

13.     Upon information and belief, Defendant FSA maintains control, oversight, and direction over its operations, employees, and employment practices.

14.     Defendant FSA employed Plaintiff.

15.     At all times hereinafter mentioned, Defendant FSA was and still is an "employer" as defined under the FMLA, 29 U.S.C. § 2611(4)(A).

16.     At all times hereinafter mentioned, Defendant FSA was and still is an "employer" as defined under the NYSHRL, N.Y. Executive Law § 292(5).

17.     At all times hereinafter mentioned, Defendant FSA was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

18.     At all times hereinafter mentioned, Defendant FSA has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

19.     At all times hereinafter mentioned, Defendant FSA employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Sections 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) and (s).

### *Defendant Michael West*

20.     Upon information and belief, Defendant Michael West (hereinafter referred to as "Defendant West") is a male citizen of the State of New York, residing in Suffolk County, New York.

4

595513

21.     Upon information and belief, and at all times hereinafter mentioned, Defendant West served as the Director of Food and Retail Services of Defendant FSA.

22.     Defendant West was Plaintiff's supervisor during Plaintiff's employment with Defendant FSA.

23.     Upon information and belief, and at all times hereinafter mentioned, Defendant West is a corporate officer of Defendant FSA.

24.     Upon information and belief, and at all times hereinafter mentioned, Defendant West is an agent of Defendant FSA.

25.     Upon information and belief, and at all times hereinafter mentioned, Defendant West is a manager and supervisor of Defendant FSA.

26.     Upon information and belief, and at all times hereinafter mentioned, Defendant West has authority over personnel decisions for Defendant FSA.

27.     Upon information and belief, and at all times hereinafter mentioned, Defendant West has authority over payroll decisions for Defendant FSA, including, but limited to, determining the rate and methods of payment.

28.     Upon information and belief, and at all times hereinafter mentioned, Defendant West supervises employees of Defendant FSA, including, but not limiting to, controlling employee work schedules and employment conditions.

29.     Upon information and belief, and at all times hereinafter mentioned, Defendant West has the authority to hire and fire employees for Defendant FSA.

30.     Upon information and belief, and at all times hereinafter mentioned, Defendant West has the power to make binding decisions for Defendant FSA.

5

595513

31.     Upon information and belief, and at all times hereinafter mentioned, Defendant West has the power to enter into contracts on behalf of Defendant FSA.

32.     Upon information and belief, at all times relevant herein, Defendant West had substantial control over Plaintiff's employment with Defendant FSA, including: (a) having the power to hire, fire, and discipline Plaintiff; (b) supervising and controlling Plaintiff's work schedules or conditions of employment; (c) determining the rate and methods of payment for Plaintiff; and (d) maintaining Plaintiff's employment records.

33.     Defendant West had discretion to grant or deny Plaintiff's leave requests, controlled Plaintiff's ability to return to work, and determined the conditions under which Plaintiff could return to work.

34.     Defendant West had the power to make personnel decisions regarding Plaintiff's employment.

35.     Defendant West acted directly or indirectly in the interests of Defendant FSA in relation to Defendant FSA's employees, including Plaintiff.

36.     Defendant West made the decision or exercised substantial authority over the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 2, 2015 during Plaintiff's FMLA leave.

37.     Defendant West participated in the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 2, 2015 during Plaintiff's FMLA leave.

38.     Defendant West made the decision or exercised substantial authority over the decision to suspend Plaintiff on or about April 2, 2015.

6

595513

39.     Defendant West participated in the decision to suspend Plaintiff on or about April 2, 2015.

40.     Defendant West made the decision or exercised substantial authority over the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 17, 2015 during Plaintiff's FMLA leave.

41.     Defendant West participated in the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 17, 2015 during Plaintiff's FMLA leave.

42.     Defendant West required Plaintiff to work on April 17, 2015 in order to subject Plaintiff to lengthy questioning as part of an investigation by Defendant FSA while Plaintiff was on FMLA leave.

43.     Defendant West made the decision or exercised substantial authority over the decision to deny Plaintiff's second request for FMLA leave on or about April 17, 2015.

44.     Defendant West participated in the decision to deny Plaintiff's second request for FMLA leave on or about April 17, 2015.

45.     Defendant West made the decision or exercised substantial authority over the decision to terminate Plaintiff's employment on or about April 20, 2015.

46.     Defendant West participated in the decision to terminate Plaintiff's employment on or about April 20, 2015.

47.     At all times hereinafter mentioned, Defendant West was and still is an "employer" as defined under the FMLA, 29 U.S.C. § 2611(4)(A)(ii)(I) and 29 C.F.R. § 825.104(d).

48.     At all times hereinafter mentioned, Defendant West was and still is an "employer" as defined under the NYSHRL, N.Y. Executive Law § 292(5).

7

595513

49.    At all times hereinafter mentioned, Defendant West was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

## JURISDICTION AND VENUE

50.    This Court has personal jurisdiction over Defendant FSA because its principal place of business is in New York and it is doing business in this jurisdiction.

51.    This Court has personal jurisdiction over Defendant West, because upon information and belief, he is a New York resident.

52.    This Court has subject matter jurisdiction over this action pursuant the NYSHRL, N.Y. Executive Law §§ 290 *et seq.,* N.Y. Executive Law § 297(9), the NYLL §§ 190 *et seq.,* NYLL § 198, NYLL § 663, 29 U.S.C. § 2617, and 29 U.S.C. § 216(b).

53.    Venue is proper before this Court because Plaintiff resides in Suffolk County, New York, Defendant FSA's principal place of business and the location at which Plaintiff worked, is located in Suffolk County, New York and, upon information belief, Defendant West resides in Suffolk County, New York.

## FACTS

54.    Plaintiff was an employee of Defendants, working under their direct supervision.

55.    Plaintiff was employed by Defendants and/or their predecessors as a Lead Cook from approximately 1981 until on or about April 20, 2015.

56.    Upon information and belief, Defendant FSA began providing dining services to the Stony Brook University campus in approximately 1999.  Defendant FSA employed Plaintiff as a Lead Cook from approximately 1999 until on or about April 20, 2015.

57.    Defendant West supervised Plaintiff from approximately 2009 until on or about April 20, 2015.

8

595513

58.     As a Lead Cook for Defendants, Plaintiff's duties and responsibilities included, without limitation, preparing and cooking food, and lifting and transporting food product, cookware and equipment.

59.     Plaintiff was qualified for his position as Lead Cook.

60.     During his employment with Defendants, Plaintiff performed his job in an exemplary manner, and Plaintiff received performance reviews in which he was found to have met or exceeded the requirements of his job.

61.     Plaintiff had no disciplinary history with Defendants prior to Plaintiff's suspension on April 2, 2015.

62.     During the course of his employment with Defendants, Plaintiff was a member of 1199 SEIU ("Union"), a labor organization.

### *Defendants' Policy/Practice of Permitting*
### *Employees to Take Food Items*

63.     During the course of Plaintiff's employment, Defendants had a policy or practice of permitting employees to take food items, leftover food, and unusable or unservable food.  For example, employees regularly took items like bottles of water with Defendant FSA's knowledge, without being reprimanded or disciplined.  Additionally, John Mastacciuola, Chef for Defendant FSA, permitted employees to take home any food items which were not served.

64.     On or around December 2014, managers of Defendant FSA held several meetings with staff concerning the theft of lobsters, jumbo shrimp, and cheese.

65.     At these meetings, Defendant FSA's managers, including Chef John Mastacciuola, acknowledged Defendant FSA's practice of permitting employees to take food items, leftover food, and food which was not served, but advised that any employees taking bulk or large quantities of food or expensive items without permission could be subject to discipline.

9

595513

Defendant FSA's managers further advised employees attending these meetings that the person(s) involved in the theft of the lobsters, shrimp, and cheese would be disciplined.

### *Plaintiff's Disabilities and FMLA Leave*

66.     Plaintiff has a history of suffering from osteoarthritis and severe rheumatoid arthritis and has received treatment for such conditions.

67.     Defendants had actual and/or constructive knowledge of Plaintiff's osteoarthritis and severe rheumatoid arthritis and/or history of such conditions.

68.     Plaintiff has a history of alcohol and substance abuse problems, and is a recovering alcoholic and drug addict.

69.     Defendants had actual and/or constructive knowledge of Plaintiff's history of alcohol and substance abuse problems and status as a recovering alcoholic and drug addict.

70.     Plaintiff has undergone and continues to undergo rehabilitation for his alcohol and substance abuse problems.

71.     In or around the 1980s, Plaintiff participated in and completed rehabilitation programs for his alcohol and drug addictions.

72.     In or around 2013, Plaintiff participated in an alcohol and drug rehabilitation program that was referred to him by the Employee Assistance Program ("EAP") offered by Defendant FSA.

73.     On January 23, 2015, Plaintiff was involved in a car accident, in which he suffered serious injuries, including several broken ribs.

74.     On or about January 26, 2015, Plaintiff notified Defendant West of Plaintiff's car accident, Plaintiff's fractured ribs and alcohol and drug addictions, Plaintiff's desire to obtain

10

595513

treatment in a rehabilitation program for his alcohol and drug addictions, and Plaintiff conveyed to Defendant West the Plaintiff's initial request for leave pursuant to the FMLA.

75.     On or about January 26, 2015, Plaintiff also notified Kathleen Stanley of Defendant FSA that he wanted to participate in the EAP and enroll in a rehabilitation program for his alcohol and drug addictions.

76.     Through Defendant FSA's EAP, Plaintiff received a referral to a rehabilitation program at Seafield Center, Inc. ("Seafield Center").

77.     Defendant FSA provided a Notice of Eligibility and Rights and Responsibilities Form to Plaintiff dated January 28, 2015, stating, among other things, that: (a) Plaintiff informed Defendant FSA that he needed FMLA leave beginning on January 23, 2015 for Plaintiff's serious health condition; and (b) Plaintiff is eligible for FMLA leave.

78.     At the time of Plaintiff's initial request for FMLA leave, Plaintiff had been employed by the Defendants for at least 12 months.

79.     Plaintiff performed at least 1,250 hours of service for the Defendants during the 12 month period immediately preceding the commencement of his FMLA leave.

80.     Plaintiff was employed at a worksite at which Defendants employ at least 50 employees within a 75 mile radius.

81.     At all times relevant to this Complaint, Defendants employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

82.     On or about February 4, 2015, Plaintiff submitted a completed Certification of Health Care Provider for Employee's Serious Health Condition ("Certification") to Defendants in support of his request for FMLA leave.

11

595513

83.     In the Certification, Plaintiff's health care provider, Bashir Ahmed M.D., stated that Plaintiff had fractured ribs and could not perform regular work.

84.     Plaintiff was entitled to take up to 12-weeks of leave under the FMLA because his fractured ribs and treatment for substance abuse each constituted a "serious health condition" under the FMLA that rendered him unable to perform the essential functions of his job.

85.     On or about February 5, 2015, Defendant FSA issued a Designation Notice to Plaintiff, approving Plaintiff's request for FMLA leave and designating his requested leave as FMLA leave.

86.     Plaintiff's FMLA leave began effective on or about January 24, 2015.

87.     On or about February 11, 2015, Plaintiff submitted additional medical documentation to Defendants in support of his FMLA leave.   The medical documentation submitted to Defendant FSA by Plaintiff consisted of a note from Asha Patnaik MD, a physician of Stony Brook University Medical Center, dated February 11, 2015 who wrote, among other things, that Plaintiff was suffering from severe and acute pain relating to his rib fractures, osteoarthritis, and rheumatoid arthritis and that Plaintiff should be excused from work for the next 2 months.

88.     During Plaintiff's FMLA leave and through the end of Plaintiff's employment with Defendants, Plaintiff participated in a drug and alcohol rehabilitation program.   For instance, from approximately February 25, 2015 to March 9, 2015, Plaintiff underwent inpatient drug and alcohol rehabilitation at Seafield Center.   Thereafter, on or about March 11, 2015, Plaintiff began outpatient drug and alcohol rehabilitation at Seafield Center, which he has continued to participate in through present.

12

595513

89.     In or around March 2015, Plaintiff contacted Defendant West to express Plaintiff's desire to return to work.

90.     Defendant West informed Plaintiff that Plaintiff could return to work if he submitted documentation from a doctor who would clear his return to work and provide an earlier return to work date than had been proscribed by Plaintiff's treating physician and approved by the Defendants as a result of Plaintiff' initial request for FMLA leave.

91.     Pursuant to the direction of Defendant West, on or about March 31, 2015, Plaintiff obtained and personally delivered to Defendant West documentation from Karen Smrek NP, another health care provider, which stated that Plaintiff could return to work without restrictions on April 7, 2015.

92.     Shortly thereafter, and while Plaintiff was still on FMLA leave, Defendant West instructed Plaintiff to report to Defendants' offices for a meeting on April 2, 2015 to discuss Plaintiff's return to work.

93.     Although Plaintiff was still on FMLA leave recovering from his serious injuries and in a diminished state, Plaintiff appeared at Defendant FSA's offices for the meeting on April 2, 2015.

94.     Defendant West had two (2) armed officers from the Stony Brook University Police Department, Jillian Mungal, Human Resources Generalist for Defendant FSA, and a Union representative at the April 2, 2015 meeting with Plaintiff.

95.     During the April 2, 2015 meeting, Plaintiff informed Defendant West that he (Plaintiff) was a recovering alcoholic and drug addict and Plaintiff provided Defendant West with documentation establishing that Plaintiff was participating in a substance abuse rehabilitation program.

13

595513

96.    Upon receiving such documentation from Plaintiff, Defendant West stated, "You are only doing this to try to save your job."

97.    During the April 2, 2015 meeting, it became clear that Defendant West had no intention of discussing Plaintiff's return to work, contrary to his prior representations to Plaintiff. Instead, Defendant West required Plaintiff to attend the meeting for the sole purpose of conducting an investigation on Defendants' behalf into alleged incidents of theft and misconduct, including the theft of the lobsters, shrimp, and cheese.

98.    At the April 2, 2015 meeting, Plaintiff was interrogated by Defendant West for approximately 2 hours.

99.    Following Defendant West's interrogation of Plaintiff, at the April 2, 2015 meeting, and despite Plaintiff being out on FMLA leave, Defendant West immediately advised Plaintiff that he was suspended indefinitely.

100.    Following Plaintiff's April 2, 2015 meeting with Defendant West, the police officers from the Stony Brook University Police Department escorted Plaintiff from the meeting and brought Plaintiff to their offices for further questioning and investigation.

101.    When the Stony Brook University police officers completed their interrogation of Plaintiff, Plaintiff inquired whether they were going to arrest him. In response, the Stony Brook University police officers said they were not going to arrest Plaintiff because they had no evidence against him.

102.    Plaintiff spent approximately 4 hours attending the required meetings with Defendant West and police officers from the Stony Brook University Police Department on April 2, 2015 relating to Defendants' investigation.

14

595513

103.    Plaintiff was not paid by Defendants for his work in attending and participating in the April 2, 2015 meetings with Defendant West and/or police officers from the Stony Brook University Police Department relating to Defendants' investigation.

104.    During Plaintiff's suspension, while still out on FMLA leave, Plaintiff received a letter dated April 6, 2015 from Defendant FSA falsely stating that Plaintiff's FMLA leave had expired.

105.    Upon information and belief, if Plaintiff had not been suspended indefinitely by the Defendants and been permitted to utilize his full 12 weeks of FMLA leave, Plaintiff's FMLA leave would have expired on or about April 17, 2015.

106.    Defendants' actions in requiring Plaintiff to work and suspending Plaintiff on April 2, 2015 resulted in a termination of Plaintiff's FMLA leave on April 2, 2015.  As a result, Plaintiff had approximately 15 days of unused FMLA leave available.

107.    Upon information and belief, at the time of the Defendants' April 6, 2015 letter, falsely claiming the expiration of Plaintiff's FMLA leave, Plaintiff had approximately 11 days of unused FMLA leave available.

108.    Defendants failed to reinstate Plaintiff upon the conclusion of his FMLA leave.

109.    On April 17, 2015, Defendant West required Plaintiff to report to work for the sole purposes of having Plaintiff interrogated a second time in furtherance of Defendants' investigation.

110.    Upon arriving at the Defendants' offices on April 17, 2015 with his Union Delegate Adriana Jones, Plaintiff declined to meet with Defendant West.

111.    On April 17, 2015, Plaintiff submitted to the Defendants a request for an additional 6 weeks leave of absence for his disability and serious health condition (severe

15

595513

rheumatoid arthritis). This request for leave to Defendants constituted Plaintiff's first request for an accommodation of Plaintiff's disability and Plaintiff's second request for FMLA leave as he had not previously exhausted his full 12 weeks of FMLA leave.

112. In support of this second request for FMLA leave and first request for an accommodation, on April 17, 2015, Plaintiff instructed Adriana Jones, Plaintiff's Union Delegate, to deliver to Defendant West, a doctor's note from Asha Patnaik MD dated April 16, 2015. This doctor's note from Dr. Patnaik stated, "Mr. Rodgers has moderate to severe rheumatoid arthritis and will be unable to return to work till 6 weeks."

113. Upon information and belief, Adriana Jones, Plaintiff's Union Delegate, delivered the doctor's note from Dr. Patnaik dated April 16, 2015 to Defendant West on April 17, 2015, in furtherance of Plaintiff's second request for FMLA leave and first request for an accommodation for his disability (severe rheumatoid arthritis) and serious health condition (severe rheumatoid arthritis).

114. Defendants failed to engage in the interactive process with Plaintiff to, among other things, identify a reasonable accommodation for Plaintiff's disability.

115. Defendants failed to reasonably accommodate Plaintiff's disability.

116. Defendants failed to respond to Plaintiff's second request for FMLA leave and first request for an accommodation, which was made on April 17, 2015.

117. Defendants wrongfully denied Plaintiff's second request for FMLA leave, even though Plaintiff qualified for FMLA leave and had FMLA leave remaining.

118. At the time of Plaintiff's second request for FMLA leave, Plaintiff had been employed by the Defendants for at least 12 months.

16

595513

119.    Plaintiff performed at least 1,250 hours of service for the Defendants during the 12 month period immediately preceding the commencement of his FMLA leave.

120.    Plaintiff was employed at a worksite at which Defendants employ at least 50 employees within a 75 mile radius.

121.    At all times relevant to this Complaint, Defendants employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

122.    On or about April 23, 2015, Plaintiff received a letter dated April 20, 2015 from Defendants notifying Plaintiff that his employment was terminated retroactive to April 17, 2015 for theft.

123.    The letter dated April 20, 2015 advising Plaintiff of his termination was signed by Defendant West.

124.    Defendants' stated justification for the termination of Plaintiff's employment is false and pretextual.

125.    At the time of Plaintiff's suspension and termination, Plaintiff was a recovering alcoholic and drug addict.

126.    At the time of Plaintiff's suspension and termination, Plaintiff was 53 years old.

127.    At the time of Plaintiff's suspension and termination, Plaintiff was out of work on FMLA leave and/or had FMLA leave remaining.

128.    Defendants suspended and terminated Plaintiff's employment because of Plaintiff's exercise of his FMLA rights.

129.    Defendants suspended and terminated Plaintiff's employment because of Plaintiff's disability (broken ribs, status as recovering alcoholic and drug addict, osteoarthritis, and severe rheumatoid arthritis).

17

595513

130.    Defendants suspended and terminated Plaintiff's employment because of Plaintiff's request for an accommodation of his disability.

131.    Defendants suspended and terminated Plaintiff's employment because of Plaintiff's sex/gender.

132.    Defendants suspended and terminated Plaintiff's employment because of Plaintiff's age.

133.    Upon information and belief, Defendants treated Plaintiff less favorably than a female co-worker, Elena Galazo ("Galazo"), Food Line Worker, who was only suspended for actually stealing food.

134.    Unlike Plaintiff, Ms. Galazo was reinstated following her limited suspension.

135.    Upon information and belief, Ms. Galazo is female.

136.    Upon information and belief, Ms. Galazo is approximately 30 years old and substantially younger than Plaintiff.

137.    Upon information and belief, Ms. Galazo does not have a disability.

138.    Upon information and belief, Ms. Galazo has not asserted or exercised any rights under the FMLA.

139.    Upon information and belief, Ms. Galazo has not requested an accommodation of any disability or serious health condition.

140.    Upon information and belief, Gary Allen ("Allen") replaced Plaintiff and/or assumed Plaintiff's responsibilities.

141.    Upon information and belief, Mr. Allen is approximately 35 years old and substantially younger than Plaintiff.

142.    Upon information and belief, Mr. Allen does not have a disability.

18

595513

143.    Upon information and belief, Mr. Allen has not asserted or exercised any rights under the FMLA.

144.    Upon information and belief, Mr. Allen has not requested an accommodation of any disability or serious health condition.

145.    Upon information and belief, Defendant West is approximately 35 years old and substantially younger than Plaintiff.

146.    Upon information and belief, Defendant West does not have a disability.

147.    Upon information and belief, Defendant West has not requested an accommodation of any disability or serious health condition.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Family and Medical Leave Act – Discrimination and Retaliation)**
**(Against all Defendants)**

148.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

149.    At all times relevant to the Complaint, Plaintiff was an eligible employee as defined under the FMLA.

150.    At all times relevant to the Complaint, Defendants were employers as defined under the FMLA.

151.    Plaintiff was entitled to take leave under the FMLA.

152.    Plaintiff's fractured ribs, treatment for alcohol and substance abuse, osteoarthritis, and severe rheumatoid arthritis each qualify as a serious health condition under the FMLA. 29 U.S.C. § 2611(11).

153.    Plaintiff provided notice to Defendants of his intention to take FMLA leave.

19

595513

154. Defendants approved Plaintiff's initial request for FMLA leave and designated Plaintiff's leave of absence as FMLA leave.

155. Plaintiff exercised rights protected under the FMLA.

156. Plaintiff was qualified for his position.

157. Plaintiff suffered adverse employment actions.

158. The adverse employment actions occurred under circumstances giving rise to an inference of discriminatory and retaliatory intent.

159. Defendants discriminated and retaliated against Plaintiff for exercising his rights under the FMLA by, among other actions, interrupting Plaintiff's FMLA leave, requiring Plaintiff to report to work on April 2, 2015 during his FMLA leave and refusing to pay Plaintiff for such work, subjecting Plaintiff to protracted interrogation on April 2, 2015 while in a diminished state, suspending Plaintiff while he was on FMLA leave, falsely notifying the Plaintiff that his FMLA leave had expired, requiring Plaintiff to report to work on April 17, 2015 during his FMLA leave, failing to reinstate Plaintiff upon the completion of his FMLA leave, denying Plaintiff's second request for FMLA leave, terminating Plaintiff's employment, and treating Plaintiff less favorably than similarly situated employees, who, upon information and belief, did not exercise their rights under the FMLA.

160. By engaging in all of the aforementioned acts of discrimination and retaliation, Defendants willfully violated the FMLA, 29 U.S.C. §§ 2614 and 2615.

161. As a proximate result of Defendants' discriminatory and retaliatory actions against Plaintiff in willful violation of the FMLA, Plaintiff has suffered and continues to suffer damages and substantial losses, and Plaintiff seeks the recovery of all damages and relief available under the FMLA against Defendants, including, but not limited to, all wages, salary,

20

595513

employment benefits and other compensation denied or lost by reason of Defendants' violations, lost past and future earnings, back pay, front pay, bonuses, deferred compensation, interest, liquidated damages, reinstatement, attorneys' fees and costs.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Family and Medical Leave Act – Interference)**
**(Against all Defendants)**

162. Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

163. At all times relevant to the Complaint, Plaintiff was an eligible employee as defined under the FMLA.

164. At all times relevant to the Complaint, Defendants were employers as defined under the FMLA.

165. Plaintiff was entitled to take leave under the FMLA.

166. Plaintiff's fractured ribs, treatment for alcohol and substance abuse, osteoarthritis, and severe rheumatoid arthritis each qualify as serious health conditions under the FMLA. 29 U.S.C. § 2611(11).

167. On or about January 26, 2015, Plaintiff provided notice to Defendants of his intention to take FMLA leave effective January 23, 2015.

168. On January 28, 2015, Defendants approved Plaintiff's request for FMLA leave and designated Plaintiff's leave of absence as FMLA leave effective January 23, 2015.

169. Defendants denied benefits to which Plaintiff was entitled under the FMLA.

170. On April 2, 2015, Defendants interfered with Plaintiff's rights under the FMLA by, among other actions, interrupting Plaintiff's FMLA leave, requiring Plaintiff to report to work on April 2, 2015 during his FMLA leave and refusing to pay Plaintiff for such work,

21

595513

subjecting Plaintiff to protracted interrogation while in a diminished state, and suspending Plaintiff while he was on FMLA leave.

171.    Defendants again interfered with Plaintiff's rights under the FMLA by again requiring the Plaintiff to report to work on April 17, 2015 during his FMLA leave, for the sole purpose of having Plaintiff interrogated a second time in furtherance of Defendants' theft investigation.

172.    Upon appearing at work on April 17, 2015, at the Defendants' specific direction and request despite being out on FMLA leave, Plaintiff, through his Union Delegate, submitted to the Defendants a second request for FMLA leave and first request for an accommodation seeking an additional 6 weeks leave due to his disability and serious health condition (severe rheumatoid arthritis).

173.    Defendants failed to consider and denied Plaintiff's second request for FMLA leave despite the fact that Plaintiff had unused FMLA leave available.

174.    Defendants also interfered with Plaintiff's rights under the FMLA by failing to reinstate Plaintiff upon the completion of his FMLA leave, denying Plaintiff's second request for FMLA leave, terminating Plaintiff's employment, and treating Plaintiff less favorably than similarly situated employees, who, upon information and belief, did not exercise their rights under the FMLA.

175.    By engaging in all of the aforementioned acts of interference, Defendants willfully violated the FMLA, 29 U.S.C. § 2615.

176.    As a proximate result of Defendants' interference with Plaintiff's rights under the FMLA in willful violation of the FMLA, Plaintiff has suffered and continues to suffer damages and substantial losses, and Plaintiff seeks the recovery of all damages and relief available under

22

595513

the FMLA against Defendants, including, but not limited to, all wages, salary, employment benefits and other compensation denied or lost by reason of Defendants' violations, lost past and future earnings, back pay, front pay, bonuses, deferred compensation, interest, liquidated damages, reinstatement, attorneys' fees and costs.

### AS AND FOR A THIRD CAUSE OF ACTION
**(FMLA – Personal and Individual Liability for Interference and Discrimination and Retaliation)**
**(Against Defendant West)**

177.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

178.    At all times relevant to the Complaint, Defendant West was an "employer" as defined under the FMLA, 29 U.S.C. § 2611(4)(A)(ii)(I) and 29 C.F.R. § 825.104(d).

179.    Defendant West acted directly or indirectly in the interests of Defendant FSA in relation to Defendant FSA's employees, including Plaintiff.

180.    Upon information and belief, at all times relevant herein, Defendant West had substantial control over Plaintiff's employment with Defendant FSA, including: (a) having the power to hire, fire, and discipline Plaintiff; (b) supervising and controlling Plaintiff's work schedules or conditions of employment; (c) determining the rate and methods of payment for Plaintiff; and (d) maintaining Plaintiff's employment records.

181.    Defendant West had discretion to grant or deny Plaintiff's leave requests, controlled Plaintiff's ability to return to work, and determined the conditions under which Plaintiff could return to work.

182.    Defendant West had the power to make personnel decisions regarding Plaintiff's employment.

23

595513

183.    Defendant West made the decision or exercised substantial authority over the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 2, 2015 during Plaintiff's FMLA leave.

184.    Defendant West participated in the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 2, 2015 during Plaintiff's FMLA leave.

185.    Defendant West required Plaintiff to work on April 2, 2015 and subjected Plaintiff to lengthy questioning as part of an investigation by Defendant FSA while Plaintiff was on FMLA leave.

186.    Defendant West made the decision or exercised substantial authority over the decision to suspend Plaintiff on or about April 2, 2015.

187.    Defendant West participated in the decision to suspend Plaintiff on or about April 2, 2015.

188.    Defendant West made the decision or exercised substantial authority over the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 17, 2015 during Plaintiff's FMLA leave.

189.    Defendant West participated in the decision to interrupt Plaintiff's leave under the FMLA and/or require Plaintiff to report to work on or about April 17, 2015 during Plaintiff's FMLA leave.

190.    Defendant West required Plaintiff to work on April 17, 2015 in order to subject Plaintiff to lengthy questioning as part of an investigation by Defendant FSA while Plaintiff was on FMLA leave.

24

595513

191.   Defendant West made the decision or exercised substantial authority over the decision to deny Plaintiff's second request for FMLA leave on or about April 17, 2015.

192.   Defendant West participated in the decision to deny Plaintiff's second request for FMLA leave on or about April 17, 2015.

193.   Defendant West made the decision or exercised substantial authority over the decision to terminate Plaintiff's employment on or about April 20, 2015.

194.   Defendant West participated in the decision to terminate Plaintiff's employment on or about April 20, 2015.

195.   Defendant West discriminated and retaliated against Plaintiff for exercising his rights under the FMLA by, among other actions, interrupting Plaintiff's FMLA leave, requiring Plaintiff to report to work on April 2, 2015 during his FMLA leave and refusing to pay Plaintiff for such work, subjecting Plaintiff to protracted interrogation while in a diminished state, suspending Plaintiff while he was on FMLA leave, requiring Plaintiff to report to work on April 17, 2015 during his FMLA leave, failing to reinstate Plaintiff upon the completion of his FMLA leave, denying Plaintiff's second request for FMLA leave, terminating Plaintiff's employment, and treating Plaintiff less favorably than similarly situated employees, who, upon information and belief, did not exercise their rights under the FMLA.

196.   By engaging in all of the aforementioned acts of discrimination and retaliation, Defendant West willfully violated the FMLA, 29 U.S.C. §§ 2614 and 2615, and Defendant West is individually and personally liable as an employer for the aforementioned willful violations under the FMLA.

197.   Defendant West interfered with Plaintiff's rights under the FMLA by, among other actions, interrupting Plaintiff's FMLA leave, requiring Plaintiff to report to work on April

25

595513

2, 2015 during his FMLA leave and refusing to pay Plaintiff for such work, subjecting Plaintiff to protracted interrogation while in a diminished state, suspending Plaintiff while he was on FMLA leave, requiring Plaintiff to report to work on April 17, 2015 during his FMLA leave, failing to reinstate Plaintiff upon the completion of his FMLA leave, denying Plaintiff's second request for FMLA leave, terminating Plaintiff's employment, and treating Plaintiff less favorably than similarly situated employees, who, upon information and belief, did not exercise their rights under the FMLA.

198. By engaging in all of the aforementioned acts of interference, Defendant West willfully violated the FMLA, 29 U.S.C. § 2615, and Defendant West is individually and personally liable as an employer for the aforementioned willful violations under the FMLA.

199. As a proximate result of Defendant West's discriminatory and retaliatory actions against Plaintiff in willful violation of the FMLA and Defendant West's interference with Plaintiff's rights under the FMLA in willful violation of the FMLA, Plaintiff has suffered and continues to suffer damages and substantial losses, and Plaintiff seeks the recovery of all damages and relief available under the FMLA against Defendant West, including, but not limited to, all wages, salary, employment benefits and other compensation denied or lost by reason of Defendants' violations, lost past and future earnings, back pay, front pay, bonuses, deferred compensation, interest, liquidated damages, reinstatement, attorneys' fees and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(New York State Human Rights Law – Disability Discrimination)**
**(Against all Defendants)**

200. Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

26

595513

201.   Under the NYSHRL, it is an unlawful discriminatory practice "(a) For an employer or licensing agency, because of an individual's...disability,...to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Executive Law § 296(1)(a).

202.   The NYSHRL defines a "disability" as "(a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the [plaintiff] from performing in a reasonable manner the activities involved in the job or occupation sought or held."  N.Y. Executive Law § 292(21).

203.   Plaintiff's broken ribs, status as a recovering alcoholic and drug addict, osteoarthritis, and severe rheumatoid arthritis each qualify as a disability under the NYSHRL.

204.   Plaintiff could perform the activities and essential functions of his job with or without reasonable accommodation.

205.   Defendant FSA and Defendant West are employers of Plaintiff under the NYSHRL, N.Y. Executive Law § 292(5).

206.   Defendants violated the NYSHRL when they discriminated against Plaintiff in the terms and conditions of his employment, treated Plaintiff less favorably than similarly situated employees who, upon information and belief, do not have a disability, suspended Plaintiff and

27

595513

terminated his employment because of his actual disabilities, record of disabilities and/or perceived disabilities.

207.   As a proximate result of Defendants' discriminatory actions, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

208.   As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered and continues to suffer substantial losses and damages, including, without limitation, the loss of past and future earnings, the loss of bonuses, the loss of deferred compensation, and the loss of other employment benefits in an amount to be determined by the Court.

209.   Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recovery of all damages and relief available under the NYSHRL against Defendants, including, but not limited to, injunctive relief; affirmative relief (including reinstatement and expungement); compensatory damages; damages for pain and suffering, humiliation, mental anguish and emotional distress;  all wages, salary, employment benefits and other compensation denied or lost by reason of Defendants' violations; lost income and earnings; back pay; front pay; bonuses; interest; and attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(New York State Human Rights Law – Disability Discrimination - Failure to Accommodate)**
**(Against all Defendants)**

210.   Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

211.   Under the NYSHRL, it is an unlawful discriminatory practice "(a) For an employer or licensing agency, because of an individual's...disability,...to refuse to hire or

28

595513

employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Executive Law § 296(1)(a).

212.    The NYSHRL defines a "disability" as "(a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the [plaintiff] from performing in a reasonable manner the activities involved in the job or occupation sought or held." N.Y. Executive Law § 292(21).

213.    Plaintiff's broken ribs, status as a recovering alcoholic and drug addict, osteoarthritis, and severe rheumatoid arthritis qualify as disabilities under the NYSHRL.

214.    Plaintiff could perform the activities and essential functions of his job with or without reasonable accommodation.

215.    Defendant FSA and Defendant West are employers of Plaintiff under the NYSHRL, N.Y. Executive Law § 292(5).

216.    Plaintiff requested an accommodation for his disability (severe rheumatoid arthritis) on April 17, 2015 from Defendants.  Specifically, Plaintiff requested that Defendants provide him a 6 week leave of absence as an accommodation for his disability.

217.    Plaintiff's requested leave of absence was a reasonable accommodation and would not have resulted in an undue hardship to Defendants.

29

595513

218.    Despite Plaintiff's accommodation request, Defendants failed and/or refused to engage in a good faith interactive process with Plaintiff.

219.    Defendants failed to reasonably accommodate Plaintiff.

220.    Defendants violated the NYSHRL when they failed and/or refused to reasonably accommodate Plaintiff's disability.

221.    As a proximate result of Defendants' discriminatory actions and failure to accommodate, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

222.    As a proximate result of Defendants' discriminatory actions and failure to accommodate, Plaintiff has suffered and continues to suffer substantial losses and damages, including, without limitation, the loss of past and future earnings, the loss of bonuses, the loss of deferred compensation, and the loss of other employment benefits in an amount to be determined by the Court.

223.    Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recovery of all damages and relief available under the NYSHRL against Defendants, including, but not limited to, injunctive relief; affirmative relief (including reinstatement and expungement); compensatory damages; damages for pain and suffering, humiliation, mental anguish and emotional distress; all wages, salary, employment benefits and other compensation denied or lost by reason of Defendants' violations; lost income and earnings; back pay; front pay; bonuses; interest; and attorneys' fees and costs.

30

595513

## AS AND FOR A SIXTH CAUSE OF ACTION
### (New York State Human Rights Law – Sex/Gender Discrimination)
### (Against all Defendants)

224.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

225.    Under the NYSHRL, it is an unlawful discriminatory practice "(a) For an employer or licensing agency, because of an individual's...sex,...to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Executive Law § 296(1)(a).

226.    Defendants are employers of Plaintiff under the NYSHRL, N.Y. Executive Law § 292(5).

227.    Defendants violated the NYSHRL when they discriminated against Plaintiff in the terms and conditions of his employment, treated Plaintiff less favorably than similarly situated female co-workers, suspended Plaintiff and terminated his employment because of his sex/gender.

228.    As a proximate result of Defendants' discriminatory actions, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

229.    As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered and continues to suffer substantial losses and damages, including, without limitation, the loss of past and future earnings, the loss of bonuses, the loss of deferred compensation, and the loss of other employment benefits in an amount to be determined by the Court.

31

595513

230.    Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recovery of all damages and relief available under the NYSHRL against Defendants, including, but not limited to, injunctive relief; affirmative relief (including reinstatement and expungement); compensatory damages; damages for pain and suffering, humiliation, mental anguish and emotional distress; all wages, salary, employment benefits and other compensation denied or lost by reason of Defendants' violations; lost income and earnings; back pay; front pay; bonuses; interest; and attorneys' fees and costs.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**(New York State Human Rights Law – Age Discrimination)**
**(Against all Defendants)**

231.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

232.    Under the NYSHRL, it is an unlawful discriminatory practice "(a) For an employer or licensing agency, because of an individual's age...to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Executive Law § 296(1)(a).

233.    Defendant FSA and Defendant West are employers of Plaintiff under the NYSHRL, N.Y. Executive Law § 292(5).

234.    Defendants violated the NYSHRL when they discriminated against Plaintiff in the terms and conditions of his employment, treated Plaintiff less favorably than similarly situated younger co-workers, suspended Plaintiff and terminated his employment because of his age, and replaced Plaintiff with a substantially younger individual.

32

595513

235.    As a proximate result of Defendants' discriminatory actions, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

236.    As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered and continues to suffer substantial losses and damages, including, without limitation, the loss of past and future earnings, the loss of bonuses, the loss of deferred compensation, and the loss of other employment benefits in an amount to be determined by the Court.

237.    Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recovery of all damages and relief available under the NYSHRL against Defendants, including, but not limited to, injunctive relief; affirmative relief (including reinstatement and expungement); compensatory damages; damages for pain and suffering, humiliation, mental anguish and emotional distress; all wages, salary, employment benefits and other compensation denied or lost by reason of Defendants' violations; lost income and earnings; back pay; front pay; bonuses; interest; and attorneys' fees and costs.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
**(NYSHRL – Personal and Individual Liability for Aiding and Abetting Discrimination)**
**(Against Defendant West)**

238.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

239.    Defendant West aided, abetted, incited, compelled and/or coerced the aforementioned discriminatory conduct by participating in the discriminatory conduct in violation of the NYSHRL, N.Y. Executive Law §296(6), and as such Defendant West is personally and individually liable for violating the NYSHRL.

33

595513

240.    Defendant FSA intentionally discriminated against Plaintiff based on Plaintiff's disability, sex/gender, and age in violation of the NYSHRL by, among other actions, subjecting Plaintiff to different terms and conditions of his employment, treating Plaintiff less favorably than similarly situated co-workers who are younger, female, and/or not disabled, refusing to engage in the interactive process with Plaintiff and accommodate Plaintiff for his disability, suspending Plaintiff and terminating Plaintiff's employment.  Defendant West aided and abetted discrimination by carrying out Plaintiff's suspension and termination in furtherance of Defendant FSA's discriminatory intent.

241.    As a proximate result of Defendant West aiding and abetting Defendant FSA's discriminatory actions, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

242.    As a proximate result of Defendant West aiding and abetting Defendant FSA's discriminatory actions, Plaintiff has suffered and continues to suffer substantial losses and damages, including, without limitation, the loss of past and future earnings, the loss of bonuses, the loss of deferred compensation, and the loss of other employment benefits in an amount to be determined by the Court.

243.    Due to Defendant West aiding and abetting Defendant FSA's violations of the NYSHRL, Plaintiff is entitled to recovery of all damages and relief available under the NYSHRL against Defendant West, including, but not limited to, injunctive relief; affirmative relief (including reinstatement and expungement); compensatory damages; damages for pain and suffering, humiliation, mental anguish and emotional distress;  all wages, salary, employment

34

595513

benefits and other compensation denied or lost by reason of Defendants' violations; lost income and earnings; back pay; front pay; bonuses; interest; and attorneys' fees and costs.

### AS AND FOR A NINTH CAUSE OF ACTION
**(FLSA – Failure to Pay Minimum Wage)**
**(Against all Defendants)**

244.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

245.    At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e).

246.    At all relevant times herein, Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. §203(d).

247.    At all relevant times herein, Plaintiff and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §206(a).

248.    At all relevant times herein, the applicable federal minimum wage is codified in the FLSA by 29 U.S.C.§206(a)(1).

249.    On April 2, 2015, Plaintiff, at the express direction of Defendants, reported to work.

250.    On April 2, 2015, at the express direction of Defendants and with Defendants' knowledge, Plaintiff worked and performed services for Defendants for approximately 4 hours.

251.    Plaintiff was not compensated by Defendants for the approximately 4 hours worked on April 2, 2015.

252.    Defendants willfully failed to pay Plaintiff the minimum wage for each and every hour worked on April 2, 2015, in violation of the FLSA, 29 U.S.C. §§206(a) and 218(a).

35

595513

253.    As a consequence of Defendants' willful failure to pay minimum wages, alleged above, Plaintiff has incurred damage thereby and Defendants are indebted to Plaintiff in the amount of unpaid minimum wages, together with interest, liquidated damages, attorneys' fees and costs, in an amount to be determined by the Court.

### AS AND FOR A TENTH CAUSE OF ACTION
**(NYLL – Failure to Pay Minimum Wage)**
**(Against all Defendants)**

254.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

255.    At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of the NYLL §§ 2 and 651, and the applicable regulations and wage orders thereunder.

256.    On April 2, 2015, the New York State minimum wage was $8.75 per hour, as codified by NYLL §652.

257.    On April 2, 2015, Plaintiff, at the express direction of Defendants, reported to work.

258.    On April 2, 2015, at the express direction of Defendants and with Defendants' knowledge, Plaintiff worked and performed services for Defendants for approximately 4 hours.

259.    Plaintiff was not compensated by Defendants for the approximately 4 hours worked on April 2, 2015.

260.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for each hour worked on April 2, 2015, in violation of NYLL §650, *et seq.* and 12 N.Y.C.R.R. §142, *et seq.*

261.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amount of unpaid minimum wages, liquidated damages, reasonable

36

595513

attorneys' fees, and costs, and pre-judgment and post-judgment interest pursuant to NYLL §663(1).

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
#### (NYLL – Failure to Pay Wages)
#### (Against all Defendants)

262.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

263.    At all relevant times herein, Plaintiff was an employee of Defendants, within the meaning of NYLL §190(2).

264.    At all relevant times herein, Defendants were the employer of Plaintiff, within the meaning of NYLL §190(3).

265.    At all relevant times herein, Plaintiff was employed by FSA as a manual worker within the meaning of NYLL §191(1)(a)(i) who was required to be paid all wages weekly and not later than 7 calendar days after the end of the week in which the wages are earned.

266.    On April 2, 2015, at the express direction of Defendants and with Defendants' knowledge, Plaintiff worked and performed services for Defendants for approximately 4 hours.

267.    On April 2, 2015, Plaintiff's regular hourly rate was $30.80.

268.    Plaintiff was never compensated for the approximately 4 hours of work he performed on April 2, 2015.

269.    Defendants willfully violated Plaintiff's rights under NYLL §190, *et seq.*, including NYLL §§§191, 193 and 198, by failing to pay Plaintiff all of his wages, within the time required by NYLL §191(1)(a)(i).

270.    Due to Defendants' failure to pay Plaintiff his wages earned on April 2, 2015, Plaintiff is entitled to recover from Defendants the amount of unpaid wages, liquidated damages,

37

595513

prejudgment interest, reasonable attorneys' fees, and costs of this action pursuant to NYLL §198(1-a).

### AS AND FOR AN TWELFTH CAUSE OF ACTION
**(NYLL §195(3) – Failure to Provide Wage Statements)**
**(Against all Defendants)**

271.    Plaintiff repeats and reiterates each and every allegation in all the preceding paragraphs as if set forth fully herein.

272.    Defendants willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

273.    Plaintiff performed work for Defendants on April 2, 2015, but was not paid any wages for such work and provided any wage statement required by NYLL §195(3) in connection with such work.

274.    Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§190 *et seq.* and the supporting New York State Department of Labor Regulations.

275.    Due to Defendants' violations of NYLL §195, for each day that Defendants failed to provide a proper wage statement from February 27, 2015 through present, Plaintiff is entitled to damages of $250, or a total of $5,000, as provided for by NYLL §198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

38

595513

Case 2:20-cv-00789 Document 1 Filed 02/13/20 Page 42 of 45 PageID #: 52

## JURY TRIAL DEMAND

276.    Plaintiff requests a jury trial in this matter.

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

a.    An award to Plaintiff of his actual damages in an amount to be determined by the Court for loss of wages, salary, benefits, promotional opportunities, and other compensation denied or lost by reason of Defendants' violations of the FMLA, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

b.    an order that Defendants reinstate and restore Plaintiff to his former position with full seniority, status, pay, salary increments, bonuses, and benefits, to the extent that he would have received but for Defendants' unlawful conduct, and an order expunging Plaintiffs' suspension and termination from Defendants' employment records and enjoining Defendants from engaging in the wrongful practices alleged herein;

c.    an award of liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii) for Defendants' willful violations of the FMLA;

d.    An award to Plaintiff of his actual damages in an amount to be determined by the Court for loss of wages, salary, benefits, promotional opportunities, and other compensation denied or lost by reason of Defendants' violations of the NYSHRL, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

e.    an award to Plaintiff of compensatory damages in an amount to be determined by the Court for pain and suffering, humiliation, mental anguish and emotional distress

39

595513

sustained by Plaintiff;

f. an award to Plaintiff for all wages due based upon Defendants' willful violations of the FLSA and NYLL;

g. Statutory penalties for each day that Defendants failed to provide a proper wage statement from February 27, 2015 to the present as required by the NYLL. Plaintiff is entitled to $250 per day or a total of $5,000, as provided for by NYLL § 198;

h. an award of liquidated damages based upon Defendants' willful violations of the FLSA and NYLL;

i. an award to Plaintiff for his reasonable attorneys' fees and the costs of this action;

j. an award for pre and post judgment interest;

k. a declaration that Defendants' actions violated the FMLA, NYSHRL, FLSA, and NYLL; and

l. such other and further relief as this Court may deem just and proper.


Dated: Uniondale, New York
       March 30, 2017

                              FORCHELLI, CURTO, DEEGAN,
                              SCHWARTZ, MINEO & TERRANA, LLP

                              By: _____
                                  Alexander Leong, Esq.
                                  Gregory S. Lisi, Esq.
                              *Attorneys for Plaintiff*
                              The Omni
                              333 Earle Ovington Boulevard, Suite 1010
                              Uniondale, New York 11553
                              Tel: (516) 248-1700
                              Fax: (516) 248-1729
                              Email: aleong@forchellilaw.com
                                     glisi@forchellilaw.com


                                      40


595513