# jackson|lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL: (631) 247-4657
EMAIL ADDRESS: ANA.SHIELDS@JACKSONLEWIS.COM

October 2, 2018

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:  Rodgers v. Faculty-Student Association of the State
          University of New York at Stony Brook, Inc. et al.
          Civ. No. 2:17-cv-02466-JMA-ARL

Dear Judge Azrack:

  As counsel to Defendants Faculty-Student Association of the State University of New York at Stony Brook ("FSA") and Michael West (collectively "Defendants"), we write on behalf of all parties to request that the Court review and approve the enclosed Agreement, which includes a dismissal and waiver of all Fair Labor Standards Act ("FLSA") claims that were made or that could have been made by Plaintiff ("the FLSA Agreement"). *See* Exhibit A.

**I.  Introduction**

  The parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of all FLSA claims asserted or that could have been asserted by Plaintiff with prejudice, in exchange for consideration as set forth in the FLSA Agreement. For similar reasons, the parties and their counsel have agreed to the settlement and

**jackson|lewis.**

Hon. Joan M. Azrack
United States District Judge
October 2, 2018
Page 2

dismissal of all non-FLSA claims asserted or that could have been asserted by Plaintiff with prejudice.[1]

As set forth herein, the FLSA Agreement is the result of arms-length bargaining between counsel for the parties, which commenced following the filing of this action, involved the exchange of documents, a settlement conference before Your Honor and concluded only when the parties agreed to the terms of the FLSA Agreement on September 24, 2018. The FLSA Agreement reflects a desire by the parties to fully and finally settle and compromise Plaintiff's FLSA claims.

The parties have concluded that the FLSA Agreement is fair, reasonable, adequate and in the parties' mutual best interests. For these reasons and based on the reasons set forth below, the parties jointly and respectfully request that that Court enter an Order approving the FLSA Agreement as fair and reasonable, and dismissing all of Plaintiff's FLSA claims with prejudice. A proposed Stipulation and Order of Partial Dismissal of FLSA Claims is attached at the end of the FLSA Agreement. *See* Exhibit A.

## II. The Parties' Respective Claims and Defenses

Plaintiff Michael Rodgers was employed by FSA as a Lead Cook (also referred to as a First Cook) from approximately July 1, 2000 through April 17, 2015. Plaintiff was a member of a union, 1199. From 1981 through 2000, he worked for various third party vendors that maintained food operations at Stony Brook University Hospital, prior to FSA taking over the food services contract in 2000. Plaintiff commenced this action in the Supreme Court for the State of New York, County of Suffolk, on March 30, 2017, alleging, *inter alia*, that FSA willfully violated the FLSA by failing to pay Plaintiff for all hours worked.

Section 6(a) of the FLSA (29 U.S.C. §206(a)) sets forth the general requirement that employees must be paid at least the minimum wage for all hours worked in any workweek. The FLSA provides a statute of limitation of two years, or three years for willful violations. 29 U.S.C. § 255(a). Plaintiff alleges FSA failed to compensate him for four (4) hours worked on April 2, 2015, when Plaintiff presented to FSA's offices at Defendants' request to participate in

---

[1] As discussed during the parties' teleconference with Your Honor on July 19, 2018 and consistent with Your Honor's Order dated July 19, 2018 ("The parties may file *only* the FLSA settlement agreement and a stipulation of discontinuance"). The consideration for settling and dismissing the non-FLSA claims is set forth in a separate confidential settlement agreement and release between the parties. The non-FLSA claims agreement also is a product of arms-length bargaining between counsel and reflects a desire by the parties to fully and finally settle and compromise Plaintiff's non-FLSA claims. *See Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) ("the parties proposed a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against [Defendant] for the Court's approval as fair and reasonable under *Cheeks*; and (ii) execute a separate settlement agreement of Counts II through IV, the Plaintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under *Cheeks* . . . the Court approved of this proposed settlement structure").

# jackson|lewis.

Defendants' investigation into theft of FSA's property. Thus, Plaintiff claims FSA did not pay him the minimum wage as required by the FLSA during this four (4) hour period of investigation. Moreover, Plaintiff alleges FSA's violation of the FLSA was "willful," giving rise to an FLSA violation for any claims occurring between April 2, 2015 and the cessation of his respective employment with FSA.

Defendants deny the material allegations set forth in Plaintiff's Complaint and continue to assert that FSA paid Plaintiff all monies due and owing. In support of such denial, Defendants assert that the investigatory interview did not constitute compensable work time.

On April 25, 2017, Defendants removed the action to this Court and filed their Answer to the Complaint on June 1, 2017, denying the allegations. Due to a union arbitration relating to Plaintiff's discharge, the Court agreed on July 27, 2017 to stay the litigation pending the outcome of the union arbitration. *See* Docket No. 12. Since that time, the parties have engaged in lengthy negotiations addressing:

- The merits of Plaintiff's minimum wage claim;
- The remedies available to Plaintiff under the FLSA; and,
- Plaintiff's actual hours worked and entitlement to compensation for an investigatory interview into allegations of his alleged theft of FSA's property.

While the parties continue to differ sharply in their respective positions with respect to these issues including, but not limited to, whether Plaintiff actually worked the four hours alleged, in recognition of the risks associated with litigation, the parties reached a settlement in principle on or about July 18, 2018. Since that time, the parties negotiated the language of the attached FLSA Agreement. *See* Exhibit A.

### III. The Proposed Settlement Is Fair and Reasonable

#### a) Overview of Applicable Law

It is settled law that employees and employers may settle private lawsuits for compensation due under the FLSA pursuant to a judicially supervised stipulated settlement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-207 (2d Cir. 2015); *Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-cv-4145 (ADS) (SIL), 2016 U.S. Dist. LEXIS 46462 (E.D.N.Y. Apr. 6, 2016); *Almonte v. Pest Pro Servs.*, No. 13-CV-6034 (RRM), 2016 U.S. Dist. LEXIS 26352 (E.D.N.Y. Mar. 1, 2016).[2]

---

[2] The supervision requirement the Second Circuit has attached to FLSA claims does not apply to resolution of New York Labor Law claims, which may be waived by private agreement. *See Wright v. Brae Burn Country*

# jackson lewis.

Hon. Joan M. Azrack
United States District Judge
October 2, 2018
Page 4

The Court may approve a settlement of FLSA claims upon its determination that the settlement is fair and reasonable. *Cheeks*, 796 F.3d at 199 (2d Cir. 2015); *Kim v. Major Auto. Grp.*, No. 14-cv-3840 (CBA)(MDG), 2016 U.S. Dist. LEXIS 39676 (E.D.N.Y. Mar. 26, 2016) (citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). One factor that the Court should consider when reviewing a settlement of FLSA claims is whether there exists a bona fide dispute as to the amount and/or right to such unpaid wages. *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

The parties have differing opinions regarding the merits of Plaintiff's FLSA claim (e.g., whether Plaintiff actually performed any work during the four hour period alleged) as well as the extent of Plaintiff's damages. However, to prevent further costly and time-consuming litigation and in the interest of compromise and upon the rebuttal evidence gathered, the parties agree that the proposed settlement is fair and reasonable. The parties recognize the risks and costs inherent in further litigation and pursuing this matter through trial on the merits. Given the consideration offered by Defendants under the FLSA Agreement, coupled with the numerous bona fide disputed issues as to the amount and right to the wages and other damages sought herein, the parties jointly believe that the proposed settlement is fair and reasonable, and should be approved by the Court.

### b) The Amount of the Settlement Is Fair

Pursuant to the FLSA Agreement, Plaintiff will receive Two Hundred Forty Eight Dollars and Zero Cents ($248.00) (*see* Exhibit A ¶ 4(a)) in compensation for the alleged unpaid wages of April 2, 2015. The parties arrived at this amount by multiplying Plaintiff's regular hourly rate of $30.88 by the four (4) hours of alleged work ($123.52). The parties further agreed to double the amount to account for potential liquidated damages that Plaintiff could recover under the FLSA. The total settlement value agreed upon for the FLSA claim is therefore $248.00.

The settlement amount is reasonable given the bona fide issues in dispute between the parties as set forth above, including: (i) whether FSA had an obligation to compensate Plaintiff for his participation in an investigation relating to allegations of his theft of FSA's property; and, (ii) whether FSA's alleged violation was "willful" within the meaning of the FLSA. As discussed during the July 19, 2018 teleconference with Your Honor, given these bona fide issues

---

*Club, Inc.*, 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007) (upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011) ("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law).

in dispute and the evidence as considered by the parties, the parties jointly believe that the promised settlement amount is fair and reasonable.

The parties therefore respectfully request that the Court approve the settlement in this matter as set forth above, and issue the Order of Partial Dismissal attached at the end of the FLSA Agreement.

Respectfully submitted,

JACKSON LEWIS P.C.

Ana C. Shields

ACS/HSS
Enclosure
cc: All Parties of Record (*via* ECF)

4838-2584-6131, v. 1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHAEL RODGERS,

                        Plaintiff,

      -against-                               Civ. Action No.: 17-CV-02466

FACULTY-STUDENT ASSOCIATION OF
THE STATE UNIVERSITY OF NEW
YORK AT STONY BROOK, INC. and
MICHAEL WEST,

                        Defendants.

------------------------------------------------------------------x

## SETTLEMENT AGREEMENT REGARDING FLSA CLAIMS

    WHEREAS, Michael Rodgers ("Plaintiff") and Faculty-Student Association of The State University of New York at Stony Brook, Inc. ("FSA") and Michael West (collectively "Defendants") desire to resolve, settle and agree to dismiss with prejudice any and all claims Plaintiff has made pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 250, et seq., ("FLSA Claims") that were or could have been raised in or by the Complaint in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

    WHEREAS, Plaintiff's FLSA Claims shall be dismissed in their entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice to be executed by Plaintiff and counsel for the Defendants, as set forth below:

    NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Definition of Parties.**

    a. "Plaintiff" is defined to include Michael Rodgers, and his heirs, assigns, successors, creditors, debtors, lien holders, and counsel. If an obligation or right is that of Michael Rodgers alone, he will be referred to as "Mr. Rodgers."

    b. "Defendants" are defined to include FSA, Michael West and all presently or formerly affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, attorneys, insurers, employee benefit plans, purchasers of assets or stocks, investors,

insurers, shareholders, successors, assigns, counsel, administrators, creditors, debtors, board members, officers, partners, directors, agents, fiduciaries, representatives, employees (including, but not limited to, present or former co-workers or supervisors of Plaintiff), the incumbent or former employees and representatives of any such entity and any otherwise related persons or entities. If an obligation is that of FSA alone, it will be referred to as "FSA." If an obligation is that of Michael West alone, he will be referred to as "Mr. West."

2. **Plaintiff's Commitments.** In exchange for the promises set forth in Paragraph "4" below, Plaintiff agrees as follows:

    a. Plaintiff will execute all documents, including, but not limited to, the <u>Stipulation and Order of Dismissal with Prejudice</u> annexed hereto, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown FLSA Claims against Defendants existing or which could exist as of the date of the execution of this Agreement.

    b. An order of dismissal with prejudice as to Plaintiff's FLSA Claims shall be entered upon presentation of said <u>Stipulation</u> by Defendants or by any other entity to any court of competent jurisdiction, administrative agency or other forum where any FLSA claim is made or any relief or recovery is sought by, relating to or on behalf of Plaintiff and both parties shall cooperate fully in seeking such dismissal and will prepare all papers and motions needed to do so.

    c. Except to enforce the terms of this Agreement, Plaintiff shall not institute, be represented in, participate in or permit to be submitted or filed on Plaintiff's behalf any FLSA claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants. In the event any class or collective action that is brought against Defendants asserting FLSA claims includes or may include Plaintiff, he immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon learning of Plaintiff's inclusion or will be in breach hereof.

3. **Release of All FLSA Claims by Plaintiff.** Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all FLSA Claims of any kind or nature, whether known or unknown, arising up to and as of the date of the execution of this Agreement, which may exist against Defendants, including, but not limited to, the FLSA Claims contained in the Lawsuit and any other FLSA claim whatsoever; and any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

4. **Consideration.**

   a. In exchange for the promises made herein by Plaintiff, FSA agrees to pay the total sum of two hundred forty eight dollars and zero cents ($248.00) ("the Settlement Sum") made payable to the Order of "Michael Rodgers" for alleged unpaid wages for which a Form W-2 will issued to Plaintiff utilizing the last W-4 on file with FSA.

   b. The Settlement Sum shall be paid within thirty (30) days following the Court's So Ordering of the Stipulation and Order of Dismissal and a W-2 shall be issued as appropriate.

   c. The Settlement Sum shall be sent to Plaintiff's counsel who shall be responsible for distribution of the payments to Plaintiff.

   d. Upon the complete execution of this Settlement Agreement the Parties shall jointly submit to the Court the Stipulation and Order of Partial Dismissal with Prejudice, and this Agreement.

5. **Non-Admission of Wrongdoing.** Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants and Plaintiff.

6. **Severability and Modification.**

   a. If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Plaintiff and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be interpreted or modified to be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification.

   b. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

3

7. **Resolution of Disputes.** Any controversy or claims relating to this Agreement, as well as any other claim, dispute or issue between the Parties, shall be resolved in a proceeding held in and before the United States District Court for the Eastern District of New York or the New York Supreme Court in Suffolk County, by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

9. **Entire Agreement.**

    a. This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding among Plaintiff and Defendants regarding Plaintiff's FLSA Claims, and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiff may have.

    b. This Agreement can be modified only as provided hereinabove or by a written document, signed by Plaintiff and Defendants in a document that recites the specific intent to modify this Agreement.

10. **Competence to Waive Claims.** Plaintiff is competent to effect a knowing and voluntary release of FLSA Claims as referenced above, as contained herein, and to enter into this Agreement. He is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, he has a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle and waive all claims referenced herein.

11. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

12. **Execution.** The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all FLSA claims that Plaintiff possibly could have against Defendants.

**PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND RELEASE. PLAINTIFF**

ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND RELEASE.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 9/22, 2018

_____
MICHAEL RODGERS

DEFENDANTS:

FACULTY-STUDENT ASSOCIATION OF THE STATE UNIVERSITY OF NEW YORK AT STONY BROOK, INC.

Dated: September 24, 2018

By: _____

Title: Chief Administrator of Human Resources & Contracts

Dated: Sept 24/2018

_____
MICHAEL WEST

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x  *VIA ECF*

MICHAEL RODGERS,

                Plaintiff,

    -against-                      Civ. Action No.: 17-CV-02466

FACULTY-STUDENT ASSOCIATION OF
THE STATE UNIVERSITY OF NEW
YORK AT STONY BROOK, INC. and
MICHAEL WEST,

                Defendants.

---------------------------------------------------------------x

        IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants that, the parties' SETTLEMENT AGREEMENT REGARDING FLSA CLAIMS having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or disbursements to Plaintiff or Defendants by the Court.

| | |
|---|---|
| FORCHELLI DEEGAN TERRANA LLP<br>*Attorneys for Plaintiff*<br>The Omni<br>333 Earle Ovington Blvd, Suite 1010<br>Uniondale, New York 11553<br><br>By: _____<br>    Alexander Leong, Esq.<br><br>Dated: September 27, 2018 | JACKSON LEWIS P.C.<br>*Attorneys for Defendants*<br>58 South Service Road, Suite 250<br>Melville, New York 11747<br><br>By: _____<br>    Ana C. Shields, Esq.<br><br>Dated: 9/27/18 |

SO ORDERED on this ___ day of _____, 2018,

_____
U.S.D.J. AZRACK